IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEENAN LAMAR CLOUD (# 14033301), | § § § | |
| Petitioner, | § § | |
| V. | § | No. 3:16-cv-734-L-BN |
| 195TH JUDICIAL DISTRICT COURT, ET AL., | § § § § | |
| Respondents. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE <u>UNITED STATES MAGISTRATE JUDGE</u>**

Keenan Lamar Cloud, a pretrial detainee at the Dallas County Jail, proceeding *pro se*, has filed a civil complaint that the Clerk of Court has construed as alleging claims under 42 U.S.C. § 1983. *See* Dkt. No. 1. United States District Judge Sam A. Lindsay has referred this case to the undersigned United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the reasons explained below, the complaint should be construed as a habeas petition and should be dismissed without prejudice to Cloud's right to pursue available state court remedies.

**Background**

According to his complaint and state court records available online, Cloud has been confined in the Dallas County Jail since June 2014, charged with aggravated assault, *see State v. Cloud*, F-14-20424 (195th Dist. Ct., Dallas Cnty., Tex.), and

obstruction or retaliation, *see State v. Cloud*, F-14-20435 (195th Dist. Ct., Dallas Cnty., Tex.). And, according to the latest pass slip filed in both cases, Cloud is set for a jury trial on March 28, 2016.

## Legal Standards and Analysis

Although this case was not docketed as a habeas action, the relief that Cloud requests – that this Court intervene in the pending state criminal proceedings, *see, e.g.,* Dkt. No. 3 at 2 ("I Request A Probe From This Honorable District Court! This Is A Prima Facie Arrest, Arraignment, Confinement and Prosecution! Void Indictment!") – requires that the Court construe the complaint as a habeas petition, *see, e.g.*, *Matlock v. Stephens*, No. 3:14-cv-3721-N, 2014 WL 6901805, at *1 (N.D. Tex. Dec. 8, 2014) (construing 28 U.S.C. § 2254 habeas application as a Section 1983 civil complaint "based on the principal relief" sought (citing *United Staes v. Erazo*, Cr. No. C-11-718 & C.A. No. C-12-328, 2013 WL 2289554, at *4 n.6 (S.D. Tex. May 22, 2013) ("*Pro se* pleadings must be liberally construed to address the relief sought."))).

Federal habeas relief, however, is not currently available to Cloud, because he is still awaiting trial and has neither presented his claims to the Texas Court of Criminal Appeals nor shown that he should be excused from this exhaustion requirement. Therefore, the Court should not, at this time, derail his state criminal proceedings by considering whether he is entitled to habeas relief under 28 U.S.C. § 2241.

"A state pretrial detainee is entitled to raise constitutional claims in a federal habeas proceeding under § 2241 if two requirements are satisfied." *Ray v. Quarterman*,

No. 3:06-cv-850-L, at *1 (N.D. Tex. July 24, 2006), *rec. adopted*, 2006 WL 2844129 (N.D. Tex. Sept. 29, 2006). Cloud's incarceration in the Dallas County Jail satisfies the, initial, "in custody" requirement. *See id.* But he must also exhaust "his available state remedies." *Id.* at *1 & n.1 (explaining that, "[d]espite the absence of an exhaustion requirement in the statutory language of § 2241, the courts have developed an exhaustion doctrine, holding that federal courts should abstain from the exercise of jurisdiction until the issues are resolved in state court"; citing *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Braden v. 30th Judicial Circuit Ct of Ky.*, 410 U.S. 484, 489-92 (1973)).

> State remedies are ordinarily not considered exhausted so long as the petitioner may effectively present his claims to the state courts by an currently available and adequate procedure. *Braden*, 410 U.S. at 489. This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir . 1982). A Texas pretrial detainee must present his claim to the Texas Court of Criminal Appeals. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).
>
> A petitioner may be excused from the exhaustion requirement only if he can show "exceptional circumstances of peculiar urgency." *Deters*, 985 F.2d at 795. Absent exceptional circumstances, a pre-trial detainee may not adjudicate the merits of his claims before a judgment of conviction has been entered by a state court. *Braden*, 410 U.S. at 489.

*Id.*; *see also Braden*, 410 U.S. at 493 ("Derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed.).

Cloud has failed to make this showing.

**Recommendation**

The Court should summarily dismiss the pending action without prejudice to Cloud's right to pursue available state court remedies.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 17, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE